**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ERA BRYANT,**

        **Plaintiff,**

**-vs-**                   **Case No. 6:12-cv-458-Orl-31KRS**

**COALITION FOR HOMELESS,**

        **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

  This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**   **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**   **March 23, 2012**

  Plaintiff Era Bryant filed a complaint apparently against three Defendants: Coalition for the Homeless; Orange Blossom Family Health Center; and, Lakeside Alternative. However, she listed only the Coalition for the Homeless on the cover page of the complaint. Bryant alleges that she is mentally ill. She contends that all three of the Defendants are humiliating her and none of them offered to help her. She lists some facts regarding problems she had at Lakeside Alternatives and with a dentist at Orange Blossom Family Health Center. She seeks to proceed *in forma pauperis*.

  Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis* the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is

immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants - prisoner who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.").

Additionally, under Rule 12(h)(3) of the Federal Rules of Civil Procedure, a district court may at any time, upon motion or *sua sponte*, act to address the potential lack of subject matter jurisdiction in a case. *Herskowitz v. Reid*, 187 F. App'x 911, 912-13 (11th Cir. 2006) (citing *Howard v. Lemmons*, 547 F.2d 290, 290 n.1 (5th Cir. 1977)). "[I]t is incumbent upon federal courts trial and appellate to constantly examine the basis of jurisdiction, doing so on our own motion if necessary." *Save the Bay, Inc. v. United States Army*, 639 F.2d 1100, 1102 (5th Cir. 1981). Federal courts are courts of limited jurisdiction; therefore, the Court must inquire into its subject matter jurisdiction, even when a party has not challenged it. *See, e.g., Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

In her complaint, Bryant does not state the federal law, statute or constitutional provision that she alleges was violated. As such, she has not stated a basis for assertion of federal question jurisdiction. She does not allege that she is a citizen of a state different from the citizenship of each Defendant. Therefore, she has not stated a basis for this Court to exercise diversity jurisdiction.

Accordingly, I **recommend** that the Court **DISMISS** the case without prejudice and allow Plaintiff to file an amended complaint within fourteen days after the Court's order on this Report and Recommendation, and **DENY** the motion to proceed *in forma pauperis*, Doc. No. 2, without prejudice to refiling it with the amended complaint. I **further recommend** that the Court advise Plaintiff that failure to file an amended complaint within the time permitted by the Court will result in dismissal of the case without further notice.

In the amended complaint, Plaintiff must clearly allege the legal basis of the cause of action, whether a constitutional provision, treaty, statute or common law. Plaintiff should not include argument in the amended complaint.

In the amended complaint, Plaintiff must name as Defendants only those persons who are responsible for the alleged violations. Plaintiff must provide support in the statement of facts for the claimed violations.

Further, Plaintiff should clearly describe <u>how each named defendant</u> is involved in the alleged violation(s) in the body of the complaint in the section entitled "Statement of Facts." Plaintiff must allege some causal connection between each Defendant named and the injury allegedly sustained. One generally cannot be held liable for the actions and/or omissions of others, but can only be held responsible if he or she participated in the deprivation of Plaintiff's rights or directed such action and/or omission that resulted in such deprivation. Finally, Plaintiff must

allege specifically how Plaintiff has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 28, 2012.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy